**UNITED STATES of America, Appellee,**

v.

**Albert A. LAWRENCE, Appellant.**

**No. 78–5168.**

United States Court of Appeals, Fourth Circuit.

Argued July 9, 1979.

Decided Sept. 21, 1979.

Herbert W. Louthian, Columbia, S. C., for appellant.

Lionel S. Lofton, Asst. U. S. Atty., Charleston, S. C. (Thomas E. Lydon, Jr., U. S. Atty., Columbia, S. C., on brief), for appellee.

Before RUSSELL, Circuit Judge, FIELD, Senior Circuit Judge and WIDENER, Circuit Judge.

FIELD, Senior Circuit Judge:

The appellant, Albert A. Lawrence, was a member of the Narcotics Force of the South Carolina Law Enforcement Division (SLED), the state police force of South Carolina. On December 14, 1976, a two count indictment was filed in the District of South Carolina in which Lawrence and four other SLED narcotics agents were charged with racketeering activities involving receiving, concealing, buying, selling, or otherwise dealing in narcotics and other dangerous drugs in violation of 18 U.S.C. § 1962(c), and with conspiracy to do the same in violation of 18 U.S.C. § 1962(d). After his four co-defendants had entered guilty pleas to lesser charges, Lawrence pled not guilty and went to trial. He was

convicted on both counts and was sentenced to serve five years on each count, with the sentences to run consecutively. The principal point raised by Lawrence on this appeal is that he was denied his Sixth Amendment right to defend himself *pro se.*

Following the return of the indictment Lawrence retained John Foard, Jr., Esq., as his attorney, who represented him until April 1, 1977. On that date Foard was permitted to withdraw as counsel and the court appointed Hemphill P. Pride, Esq., to represent Lawrence. On December 29, 1977, Mr. Pride requested that he be relieved as counsel and thereafter the court appointed Herbert W. Louthian, Esq., as Lawrence's attorney. Louthian represented the appellant at trial as well as here on appeal.

During the time that this succession of attorneys represented Lawrence a variety of motions were filed on his behalf incident to which the district court conducted a number of hearings. The case was finally scheduled for trial to be held on April 3, 1978, and on March 28th the defendant filed a motion to disqualify the trial judge. A hearing on this motion was held in the district court on March 30, 1978, and the motion was denied. Later on that same day, Lawrence and his attorney again appeared before the district judge and Louthian advised the court that Lawrence wished to have him relieved as counsel; that he assumed Lawrence desired that either another lawyer be assigned to him or that he be permitted to retain his own attorney. During the course of this hearing it developed that the reason for Lawrence's dissatisfaction was the refusal of Louthian to sign a certificate of merit or affidavit in support of the motion to disqualify the district judge. On this point, Louthian stated to the court that he did not feel that he could in good conscience file such an affidavit. When the district judge declined to relieve Louthian as counsel, Lawrence made no suggestion or request that he be permitted to defend himself. Instead, he inquired of the judge about the possibility of an appeal from his ruling on the disqualification motion.

Lawrence and his attorney made an oral application to Judge Donald Russell of this court seeking a stay of the proceedings and a writ of mandamus based upon the alleged disqualification of the district judge. On Friday, March 31, 1978, Judge Russell conducted a hearing on the application during which he permitted Lawrence to testify at some length. Toward the close of the hearing Louthian advised Judge Russell that Lawrence had asked him to seek a stay to give him an opportunity to present a formal petition for mandamus to the court of appeals. Judge Russell was advised that the venire was to report on Monday morning, April 3rd, and that the jury selection would commence at that time. Counsel for the Government stated that while his witnesses were under subpoena for April 3rd he did not anticipate that any testimony would be taken before Tuesday morning, April 4th. Judge Russell then advised Lawrence and the attorneys that he would deny the stay but that he hoped the Government would not present any witnesses until Tuesday morning in order to give the defendant an opportunity to file his petition for mandamus. Counsel for the Government then represented to Judge Russell that on Monday the parties would complete the selection of the jury but that the panel would not be sworn until Tuesday morning. Judge Russell accepted this proposal and the record indicates that Lawrence and his counsel concurred in this proposed action.

On Monday, April 3, 1978, the parties appeared in court and announced that they were ready for trial. After the court had published the indictment to the venire and made some prefatory remarks, the attorneys proceeded with the voir dire of the jurors. The voir dire was completed at about 6:30 that evening, resulting in a panel of twelve jurors and two alternates. After cautioning the jurors with respect to their conduct and placing them in the custody of the marshal, the district judge asked counsel if there were any matters which needed to be resolved before the overnight recess. Counsel for Lawrence renewed several motions all of which were denied by

the court, and the parties were then excused until the following morning.

Lawrence's petition for mandamus had been placed in the mail on Saturday, April 1st and when the district court convened on the morning of April 4th the judge advised counsel that he had been notified that the petition had been received in the Clerk's office in Richmond on that morning and could not be considered by a panel until early afternoon. The judge then recessed court pending advice from the court of appeals with respect to action on the petition. The petition for mandamus was denied in the early afternoon, and upon notification of this action by telephone the district court reconvened for trial.[1] At that time the following colloquy took place:

THE COURT: Allright, gentlemen are you ready to proceed?

MR. LOUTHIAN: Your Honor, we have one thing to take up with the Court before the jury is brought in.

THE COURT: Allright.

MR. LOUTHIAN: Your Honor, I have just been informed by Mr. Lawrence that he would like to make a motion before the jury is sworn to act as his own attorney. He just notified me about this about two minutes [ago] and I do not know exactly what the nature of the request is but I told him I would make the motion and I would ask you to allow him the opportunity to present his position to the Court.

THE COURT: Allright, Mr. Lawrence.

DEFENDANT LAWRENCE: Your Honor, at this time, I make this request; in that Your Honor has denied my motions in the past which I thought I acted in due diligence to ask Your Honor to relieve me of my attorney. Your Honor has saw fit to say that I didn't. At this time I feel that Your Honor and the prosecution have had conferences at the Bench, conferences in the hall all concerning me which I have no knowledge of. I feel that I should be privileged to these things first hand, not second hand. The only manner which I will be privy to these things is to be allowed to be with them myself.

THE COURT: The only conference related to you, your counsel has been present and these conferences this morning had to do with reports we were getting back from Richmond to the petition that your counsel filed last week for a Writ of Mandamus and it's a matter that did not arrive in Richmond, even though the papers were mailed on Saturday, did not arrive in Richmond until the judges went on the Bench this morning and could not be ruled on by them until they got off the Bench at lunch time. And any conference I have had with the Government involving your case included your attorney and that has been the nature of any conferences that have been held in my office or in the halls or anywhere else that have discussed your case.

Now, you want to relieve Mr. Louthian completely?

DEFENDANT LAWRENCE: Yes, sir, that's the motion I had before and Your Honor denied it.

THE COURT: Well, I denied it before. Why should I grant it today? Do you think that you have the legal expertise to represent yourself?

DEFENDANT LAWRENCE: No, sir, I do not.

THE COURT: Well, I think you had better keep the lawyer you have because, as I explained to you last week, he is certainly one of the best and most experienced attorneys in Columbia who practices in the Federal court and he practices on the criminal side and the civil side of the court with equal success and with equal ability. And I think you are very fortunate to have him for an attorney. So I will deny your motion at this time.

DEFENDANT LAWRENCE: Will the jury be privileged to know that I asked he be relieved as my attorney?

1. The petition was denied by this court by an unpublished order in *Ex Parte: Albert A. Lawrence, Petitioner,* No. 78–1195 (April, 1978).

THE COURT: They are not going to be privy to it right this minute. Some time during the trial it might come out but I'm not going to tell them now.

Allright, you can bring the jury in. The trial then proceeded with Louthian acting as defense counsel. Upon these facts Lawrence contends that the district court committed reversible error in denying him the right to conduct his defense *pro se.*

■ Under 28 U.S.C. § 1654, and its predecessor statutes, a defendant in federal court has long been guaranteed the right of self-representation, and in *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), the Court held that this right was rooted in the Sixth Amendment of the Federal Constitution. Even before *Faretta,* many federal courts had discerned the constitutional dimensions of the right, but all of the courts, including those which recognized its constitutional basis, have held that it must be timely asserted. The prevailing rule of these cases was stated in *United States v. Denno,* 348 F.2d 12, 15 (2 Cir. 1965):

> The right of a defendant in a criminal case to act as his own lawyer is unqualified if invoked prior to the start of the trial. [citations omitted] Once the trial has begun with the defendant represented by counsel, however, his right thereafter to discharge his lawyer and to represent himself is sharply curtailed. There must be a showing that the prejudice to the legitimate interests of the defendant overbalances the potential disruption of proceedings already in progress, with considerable weight being given to the trial judge's assessment of this balance. [citations omitted].

In *Faretta* the Court was not called upon to resolve this question since Faretta had requested that he be permitted to represent himself "[w]ell before the date of trial." 422 U.S. at 807, 95 S.Ct. at 2527. However, the lower courts which have had occasion to deal with the problem subsequent to *Faretta* have continued to hold that this right of self-representation must be claimed in a timely fashion. *See Chapman v. United States,* 553 F.2d 886, 893 (5 Cir. 1977); *Sapienza v. Vincent,* 534 F.2d 1007, 1010 (2 Cir. 1976). In *United States v. Dunlap,* 577 F.2d 867, 868 (4 Cir. 1978), we recognized that "the right was not absolute and could be limited or waived if not raised before trial," and held that after trial has begun the grant or denial of the right to proceed *pro se* rests within the sound discretion of the trial court.

Counsel for the appellant does not dispute that timeliness is a viable issue, but contends that Lawrence's request was seasonable since it was voiced before the jury was sworn. In making this contention, appellant relies heavily upon the Fifth Circuit's decision in *Chapman v. United States, supra,* but we think this argument reads *Chapman* too broadly. Concededly, there is language in that opinion which indicates that the request is timely if it is made prior to the time that "the jury is empaneled and sworn." 553 F.2d at 894. However, the precise holding of that case, as stated by the court, was "that a demand for self-representation must be honored as timely *if made before the jury is selected,* absent an affirmative showing that it was a tactic to secure delay." (Emphasis added) *Id.* at 887. In the course of its opinion the court observed that in delineating the procedural requirements for asserting this constitutional right, "courts must consider the fundamental nature of the right and the legitimate concern for the integrity of the trial process." *Id.* at 895. In this vein the court concluded: "If there must be a point beyond which the defendant forfeits the unqualified right to defend pro se, that point should not come before meaningful trial proceedings have commenced." *Id.* We recognized the reason for the timeliness requirement in *United States v. Dunlap, supra:*

> In justifying the need to timely raise the right of self-representation, the courts recognized, among other things, the need to minimize disruptions, to avoid inconvenience and delay, to maintain continuity, and to avoid confusing the jury.

577 F.2d at 868. In the light of these objectives we think it is reasonable, and entirely compatible with the defendant's constitutional rights, to require that the right of self-representation be asserted at some time "before meaningful trial proceedings have commenced," and that thereafter its exercise rests within the sound discretion of the trial court.[2]

 When "meaningful trial proceedings have commenced" will, of course, vary from case to case, but unquestionably, the record in this case supports the conclusion that Lawrence's request was untimely. As we have noted, for well over a year he and his respective counsel had appeared in court on a variety of pretrial motions, and at no time did Lawrence suggest that he desired to represent himself. It was only after his petition for mandamus had been denied by this court that he pressed upon the district judge his desire to proceed *pro se*. At that juncture, the trial proceedings had already consumed one day during which counsel had conducted their voir dire examination and the jury selected. The only remaining formality was the swearing of the jury, and undoubtedly, the jury's oath would have been administered on the preceding evening or on the morning of April 4th except for counsel's assurance to Judge Russell that this would be held in abeyance pending the disposition of Lawrence's petition for mandamus. Assuredly, meaningful trial proceedings had commenced prior to Lawrence's request, and we can envision few things more disruptive or confusing than to permit Lawrence to take over his defense at that point. A court should, of course, vigilantly protect a defendant's constitutional rights, but it was never intended that any of these rights be used as a ploy to frustrate the orderly procedures of a court in the administration of justice.

In our opinion there was no abuse of discretion by the district judge in his denial of Lawrence's request of self-representation, and since we perceive no merit in the other points raised on this appeal, the convictions are affirmed.

*AFFIRMED.*

---

2. The timeliness requisite has been the subject of a variety of phraseology, e. g., the right "must be claimed timely, before the trial begins." *United States v. Dougherty*, 154 U.S. App.D.C. 76, 87, 473 F.2d 1113, 1124 (D.C. Cir. 1972); the right was unqualified if asserted after the case was called "but before the jury had been chosen," *United States v. Denno*, 348 F.2d 12, 16 (2 Cir. 1965); the request is timely if made "within a reasonable time prior to the commencement of trial," *People v. Windham*, 19 Cal.3d 121, 137 Cal.Rptr. 8, 12, 560 P.2d 1187, 1191 (1977), *cert. den.* 434 U.S. 848, 98 S.Ct. 157, 54 L.Ed.2d 116 (1977); *but see, United States v. Price*, 474 F.2d 1223, 1227 (9 Cir. 1973), where the request was held to be timely when made "before the jury was sworn."