**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 06-4052**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ORLANDO DAILEY,

Defendant - Appellant.

---

Appeal from the United States District Court for the Southern District of West Virginia, at Beckley.  David A. Faber, Chief District Judge.  (5:03-00172-02)

---

Submitted:  June 8, 2007                Decided:  July 10, 2007

---

Before MICHAEL, TRAXLER, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

John L. Machado, LAW OFFICE OF JOHN L. MACHADO, Washington, D.C., for Appellant. Charles T. Miller, United States Attorney, Steven I. Loew, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Orlando Dailey appeals following his jury convictions of aiding and abetting possession with intent to distribute hydrocodone and aiding and abetting possession with intent to distribute oxycodone, both in violation of 21 U.S.C. § 841(a)(1) (2000), and causing bodily injury to a person with intent to retaliate, in violation of 18 U.S.C. § 1513(b)(2) (2000) ("Count Three"), and his resulting sixty-month sentence. On appeal, Dailey asserts the district court erred in: (i) denying his motion to proceed pro se; (ii) denying his Fed. R. Civ. P. 29 motion for judgment of acquittal based on insufficiency of the evidence as to Count Three; (iii) denying his motion to dismiss the indictment because his constitutional right to a speedy trial was violated; and (iv) admitting a daily ledger of drug transactions drafted by his brother, Marshall Dailey, and Dailey's prior bad acts into evidence. Finding no error, we affirm Dailey's convictions and sentence.

We conclude the district court correctly denied Dailey's motion to proceed pro se. The parties do not dispute that Dailey's request to represent himself was clear and unequivocal or that it was knowing, intelligent and voluntary. See United States v. Frazier-El, 204 F.3d 553, 558 (4th Cir. 2000). Dailey did not make his motion to the district court, however, until after the jury was chosen and on the morning the trial was scheduled to begin.

Because "meaningful trial proceedings" had already commenced, we conclude the district court properly exercised its discretion to deny Dailey's motion to proceed pro se.  See United States v. Lawrence, 605 F.2d 1321, 1325 (4th Cir. 1979) (upholding the denial of defendant's motion to represent himself when jury had been chosen but not yet sworn).

We also conclude the district court correctly denied Dailey's motion for judgment of acquittal as to Count Three.  To prove a violation of § 1513(a)(3), the Government was required to establish Dailey: (i) knowingly engaged in conduct that (ii) caused or threatened to cause bodily injury to another person (iii) with the intent to retaliate against that person for providing information of a crime to law enforcement.  See 18 U.S.C. § 1513(a)(1)(B) (2000); United States v. Cofield, 11 F.3d 413, 419 (4th Cir. 1993).  We reject Dailey's assertion that his beating of a confidential informant ("CI") could not be considered retaliatory since no time elapsed between the CI's assistance to the Government and Dailey's attack; we find there is no such requirement that a certain amount of time must pass between an individual's assistance to law enforcement and the retaliation suffered.  Moreover, Dailey's assertions to the contrary, the Government presented sufficient evidence to establish Dailey knew the wire found on the CI was placed there in an effort to assist law enforcement.  It is undisputed that, prior to attacking the CI, Dailey knew the CI may

have been working for police and that he was a "snitch." Accordingly, we find the district court correctly denied Dailey's motion for judgment of acquittal as to Count Three.

We also find the district court correctly denied Dailey's motion to dismiss the indictment on the ground that the Government violated his Sixth Amendment right to a speedy trial. Dailey was indicted on July 29, 2003, but was not arrested until he turned himself in to police in February 2005. Dailey admitted, however, that he knew of the arrest warrant against him for several months before he turned himself in to authorities. Although a little more than one year and seven months passed between the issuance of Dailey's indictment and his arrest, much of that time was attributable to Dailey's successful effort to elude capture.

The record also established that, during the period of delay, the Government tried to locate Dailey but was unable to do so because Dailey left West Virginia to avoid prosecution in state court. Accordingly, we find no violation of Dailey's constitutional right to a speedy trial. See United States v. Grimmond, 137 F.3d 823, 827-31 (4th Cir. 1998) (finding no Sixth Amendment violation where delay lasted thirty-five months); United States v. Thomas, 55 F.3d 144, 148-51 (4th Cir. 1995) (finding no Sixth Amendment violation where delay lasted two-and-a-half years). We reject Dailey's contention that the death of two witnesses

before his indictment caused him such prejudice that dismissal of the indictment was warranted.

Finally, we conclude the district court correctly admitted the daily ledger of Marshall Dailey's business transactions and Dailey's prior drug purchases into evidence. Fed. R. Evid. 804(b)(3) provides a hearsay exception for statements "tending to expose the declarant to criminal liability and offered to exculpate the accused." A statement is admissible under this exception if: (1) the speaker is unavailable; (2) the statement is actually adverse to the speaker's penal interest; and (3) "corroborating circumstances clearly indicate the trustworthiness of the statement." United States v. Bumpass, 60 F.3d 1099, 1102 (4th Cir. 1995). In this case, the author of the daily ledger, Marshall Dailey, was unavailable as a government witness at trial by virtue of the Fifth Amendment right against self-incrimination. See Fed. R. Evid. 804(a)(1). Also, the ledger, which was entitled "Business Transactions," contained statements regarding drug sales that occurred between Marshall Dailey and several individuals, one of whom was identified as Dailey. The ledger indicated that individuals owed or paid money to Marshall Dailey, and that drugs had been exchanged, including "1 1/4 Pills" to Dailey.

Because the information contained in the ledger clearly revealed a sale of drugs had taken place between Marshall Dailey and Dailey, wherein "1 1/4 Pills" were exchanged for $125, there

was no need for an expert witness to provide an explanation of the items contained in the ledger. Cf. Fed. R. Evid. 702 (expert testimony is allowed where specialized knowledge will assist the trier of fact's understanding). Moreover, it was within the district court's discretion to determine whether the probative value of the ledger was outweighed by the prejudicial effect it might have. See United States v. Simpson, 910 F.2d 154, 157 (4th Cir. 1990) (recognizing the broadly deferential standard with which this Court reviews a district court's determination under Fed. R. Evid. 403). Accordingly, we conclude the district court did not err in admitting Marshall Dailey's daily ledger into evidence.

To be admissible under Fed. R. Evid. 404(b), prior bad act evidence: (1) must be relevant to an issue other than character, such as intent; (2) must be necessary to prove an element of the crime charged; (3) must be reliable; (4) and its probative value must not be substantially outweighed by its prejudicial nature. See United States v. Queen, 132 F.3d 991, 995 (4th Cir. 1997). Dailey does not dispute the Government established the first two prongs of the Queen analysis, but takes issue as to the last two prongs. We reject Dailey's arguments.

First, Dailey never challenged the reliability or probative value of the prior bad acts testimony before the district court and may not do so for the first time on appeal. See Muth v. United States, 1 F.3d 246, 250 (4th Cir. 1993). Additionally,

although Dailey claims the district court failed to conduct a balancing analysis under Fed. R. Evid. 403, the record reveals the district court heard argument on the purposes for which the evidence was proffered, inquired when the prior drug transactions occurred, and ruled the evidence was admissible, subject to a limiting instruction. Accordingly, we conclude that the district court properly considered, in conducting its analysis under Fed. R. Evid. 404(b), whether the probative value was outweighed by its prejudicial effect, and determined it could limit any prejudicial effect with an instruction. See Huddleston v. United States, 485 U.S. 681, 685 (1988) (holding that Fed. R. Evid. 404(b) recognizes that "[e]xtrinsic acts evidence may be critical to the establishment of the truth as to a disputed issue, especially when that issue involves the actor's state of mind and the only means of ascertaining that mental state is by drawing inferences from conduct"). We thus conclude the district court did not err when it admitted evidence of Dailey's prior participation in drug transactions to establish his intent to aid and abet his brother in selling drugs to the CI.

Accordingly, we affirm Dailey's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

- 7 -