**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 06-4386**

———————

UNITED STATES OF AMERICA,

                                    Plaintiff - Appellee,

        versus

WILLIAM MARTIN STANLEY,

                                    Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
South Carolina, at Rock Hill.   Cameron McGowan Currie, District
Judge.   (0:05-cr-01249-CMC)

———————

Submitted:  September 5, 2007      Decided:  November 29, 2007

———————

Before NIEMEYER, MOTZ, and KING, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Mario A. Pacella, STROM LAW FIRM, LLC, Columbia, South Carolina,
for Appellant.  Reginald I. Lloyd, United States Attorney, Robert
F. Daley, Jr., C. Todd Hagins, Assistant United States Attorneys,
Columbia, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Martin Stanley appeals his conviction and 120-month sentence for possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), 924(e)(1) (West 2000 & Supp. 2007). He challenges the district court's decision to allow his attorney to withdraw, the court's denial of his request to represent himself, and the reasonableness of his sentence. We affirm.

On the day after jury selection for Stanley's trial, the district court held a status conference to determine the ramifications of calling newly-identified Government witnesses. One potential witness was represented by another attorney in the same federal public defender's office as Stanley's attorney. Stanley's attorney expressed concern about the conflict of interest that arose from having clients represented by attorneys in the same office with opposing interests. Stanley's attorney informed the court that it was standard practice in such cases for both attorneys to withdraw. Following a thorough discussion of the conflict and possible measures to avoid it, the district court ruled that there an "irreconcilable conflict" and it was necessary to postpone the trial and appoint new counsel to represent Stanley.

Stanley objected to postponing the trial. He said he "would rather just continue by [himself] if it's going to be that much trouble." He also said that to avoid a continuance, he would

waive the conflict, or have a new attorney proceed directly to trial without additional time to prepare. The court held that Stanley's request was not a genuine request to proceed pro se, but rather, an attempt to avoid a continuance by any means. Stanley expressed his frustration with the amount of his bond, and said that he would not object to the continuance if the court would reduce his bond so that he could go home in the interim. He claimed that he had the ability to represent himself, "if need be." The district court ruled that, despite Stanley's objections, the case would have to be continued. Approximately six weeks later, following a two-day trial, Stanley was convicted.

A Presentence Report was prepared prior to sentencing. The probation officer determined that Stanley's base offense level was twenty, which was adjusted upward two levels for obstruction of justice.[1] His total offense level of twenty-two, together with a criminal history category of VI, yielded an advisory guideline range of 84 to 105 months.

The Government filed a motion for an upward departure or variance. The district court denied the motion for an upward departure, but granted the motion for a variance. The court ruled that a two-level variance to a level twenty-four was appropriate,

---

[1]This adjustment was based on Stanley's submission of a false affidavit and persuading others to submit false affidavits stating that he was not living at the residence in question when the gun was found.

with a resulting guideline range of 100 to 125 months. The court imposed a sentence of 120 months, the statutory maximum for a violation of 18 U.S.C. § 922(g)(1).

(1) Disqualification of Defense Counsel

When confronted with a potential conflict of interest, the district court is obligated to independently determine whether the continued representation by counsel impedes the integrity of the proceedings and whether the attorney should thus be disqualified. Wheat v. United States, 486 U.S. 153, 161-64 (1988). For this purpose, the court "must have sufficiently broad discretion to rule without fear that it is setting itself up for reversal on appeal either on right-to-counsel grounds if it disqualifies the defendant's chosen lawyer, or on ineffective assistance grounds if it permits conflict-infected representation of the defendant." United States v. Williams, 81 F.3d 1321, 1324 (4th Cir. 1996) (citing Wheat, 486 U.S. at 160).

Stanley claims that the district court's decision to allow defense counsel to withdraw was an abuse of discretion because less drastic measures were available and because the government did not, in the end, call the witness who was represented by Stanley's counsel's fellow federal public defender. These arguments are without merit. See Williams, 81 F.3d at 1324-25 (upholding district court's decision to disqualify an attorney

who represented other members of a conspiracy); see also United States v. Oberoi, 331 F.3d 44 (2nd Cir. 2003) (public defender was entitled to withdraw where prosecution witness was also a client of public defender's office). Even if an alternative procedure would have been within the court's discretion, Stanley has not established that it was an abuse of discretion to select disqualification over another remedy. See Williams, 81 F.3d at 1325 ("[W]hile the use of [auxiliary counsel instead of disqualification] might have been within the court's discretion, declining to use it cannot be held an abuse of that discretion.").

(2) Denial of Request to Proceed Pro Se

Stanley next claims that the district court erred in denying his request to proceed pro se. The district court's denial of a defendant's pretrial motion to proceed pro se is reviewed de novo.[2] See United States v. Singleton, 107 F.3d 1091, 1097 n.3 (4th Cir. 1997). Although a defendant has a right to represent himself, Faretta v. California, 422 U.S. 806, 819 & n.15 (1975), his assertion of the right must be (1) clear and unequivocal; (2)

---

[2]The Government maintains that the court's decision to deny Stanley's request should be reviewed for an abuse of discretion because it occurred after "meaningful trial proceedings" had commenced. See United States v. Lawrence, 605 F.2d 1321, 1325 (4th Cir. 1979) (request to proceed pro se must be made before the commencement of meaningful trial proceedings; thereafter the decision is discretionary). However, under either standard, the district court did not err.

- 5 -

knowing, intelligent, and voluntary; and (3) timely.  See United States v. Frazier-El, 204 F.3d 553, 558 (4th Cir. 2000).

In making his request, Stanley indicated that his real desire was to persuade the district court not to postpone his trial.  He did not express any dissatisfaction about being represented by counsel, nor any reason, apart from avoiding delay, for the request.  To avoid continuing the trial, Stanley said he was willing to waive the conflict of interest, to have a new attorney proceed directly to trial without additional time to prepare, or to postpone trial and be represented by new counsel if he could return home to await trial.  Because Stanley's request to proceed pro se was not unequivocal, the district court did not err in denying it.[3]

(3) Sentence

Finally, Stanley contends that his variance sentence of 120 months, fifteen months above the top end of the advisory

---

[3]Stanley also asserts that the court committed reversible error by denying his request without conducting a Faretta colloquy. However, the purpose of such a colloquy is to ensure that a defendant does not embark on self-representation without being made aware of the dangers and disadvantages of doing so.  See Faretta, 422 U.S. at 835.  Because the district court concluded that Stanley's request was a reflection of his disappointment with the court's decision to postpone his trial, rather than a genuine request to proceed pro se, there was no need to engage in such a discussion.

guideline range, is unreasonable. This court will affirm the sentence imposed by the district court as long as it is within the statutorily prescribed range and reasonable. United States v. Hughes, 401 F.3d 540 (4th Cir. 2005). In sentencing a defendant, the district court must: (1) properly calculate the guideline range; (2) determine whether a sentence within that range serves the factors under 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007); (3) implement mandatory statutory limitations; and (4) explain its reasons for selecting the sentence, especially a sentence outside the advisory range. United States v. Green, 436 F.3d 449, 455-56 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006). Even if the sentence exceeds the advisory guideline range, it will generally be deemed reasonable "if the reasons justifying the variance are tied to § 3553(a) and are plausible." United States v. Moreland, 437 F.3d 424, 434 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006).

The district court considered the factors set forth in § 3553(a), and identified § 3553(a)(1), the nature and circumstances of the offense and the history and characteristics of the defendant, and § 3553(a)(2)(C), the need to protect the public from further crimes of the defendant, as the most significant factors supporting a variance. With respect to the nature of the offense, the court noted that while Stanley was convicted based only on the firearm found in the search of the house, the evidence showed that Stanley had persuaded his wife to make a previous

fraudulent purchase so that he could acquire a gun, demonstrating a "very similar type of pattern." The court also remarked on Stanley's "significant and sustained prior criminal record" and noted:

> I see and have observed from Mr. Stanley's conduct in this case that he has a very strong view about the rightness or wrongness of his conduct, and he is not able to accept responsibility at all for the things he has been found guilty of and the things he has done in connection with his involvement in this offense. And there is a history in his case of [being] unable to comply with prior court orders and prior sentences in the past as well.

Because the district court considered the § 3553(a) sentencing factors and based its decision on uncontroverted facts showing a pattern of similar offenses, blame, and disrespect for the law, Stanley's sentence is reasonable.

Accordingly, we affirm Stanley's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED
