Present: All the Justices

ANTOINE LAMONT THOMAS

OPINION BY
v.  Record No. 000408     JUSTICE LAWRENCE L. KOONTZ, JR.
                                November 3, 2000
COMMONWEALTH OF VIRGINIA


FROM THE COURT OF APPEALS OF VIRGINIA


In this appeal, we consider whether the trial court erred in denying a criminal defendant's motion that he be permitted to waive his right to counsel and to represent himself at trial.

BACKGROUND

On March 1, 1999, the grand jury of the City of Richmond returned indictments against Antoine Lamont Thomas charging him with grand larceny, Code § 18.2-95, and statutory burglary, Code § 18.2-91.  The charges arose from the breaking of a window and taking of consumer goods valued at over $600 from a downtown Richmond store on August 25, 1998.

The Circuit Court of the City of Richmond (the trial court) appointed counsel to represent Thomas on April 26, 1999, and she undertook discovery on his behalf.  For reasons not fully disclosed in the record, the trial date was continued four times over the course of three months, during which time Thomas continued to be represented by his court-appointed counsel.

On July 22, 1999, Thomas and his counsel appeared in the trial court.  When the clerk called the case and asked counsel

whether she was prepared, she responded, "I believe my client had a motion." The trial court asked Thomas whether he had a motion to make and Thomas replied:

> Yes, Your Honor, sir. If the Court will allow I would like to represent myself on the charge[s] of grand larceny and burglary. I believe I am well educated with those two charges and elements which consist of them so if you don't mind just those two.

By "just those two," Thomas meant that he did not wish to represent himself in a probation revocation proceeding that would follow his trial if he were convicted.[1] The trial court asked Thomas whether he had ever previously represented himself. Thomas replied, "Yes I have. Not on these exact charges but I have represented myself." The trial court then asked whether Thomas understood the elements of the offenses with which he was charged. Thomas replied:

> For . . . statutory burglary the breaking and entering in the night time as well as the intent. As far as the grand larceny, the actual taking [of] the stuff. That pretty much sums it up.

The trial court asked Thomas whether he had an understanding of the rules of evidence. In response, Thomas said that he understood that grand larceny required proof that the value of the goods was at least $200. The trial court then asked specifically whether Thomas understood the rules of

---

[1]Thomas was represented by different appointed counsel for the revocation hearing.

2

hearsay, and Thomas said that he did.  When the trial court asked whether he had any formal legal training, Thomas stated that he had "studied these charges for the last seven months."

When asked whether he had made any request with which his counsel had not complied, Thomas indicated that he was not satisfied with counsel's response to his request for further discovery.  In reply to the trial court's inquiry on this matter, Thomas' counsel indicated that she had shared with Thomas the forensic reports obtained through discovery.  She had not complied, however, with Thomas' request that she ask the Commonwealth to disclose the identity of its witnesses.  She explained to him that the Commonwealth was not required to make such disclosure.  Thomas stated that he wanted the Commonwealth to disclose the criminal backgrounds of all its witnesses.  The trial court explained, however, that the Commonwealth could not be compelled to reveal that information, unless it was exculpatory.

The trial court then asked Thomas' counsel whether she felt capable of representing Thomas at trial.  Counsel responded, "I don't have a problem trying this case. . . .  I have every confidence I could try this case to the utmost of my ability and zealously represent Mr. Thomas."  The trial court asked whether Thomas had requested that any witnesses be called on his behalf.  Counsel replied that he had, but that she had interviewed them

and had concluded that "they are not viable witnesses." Thomas conceded that he had discussed the potential witnesses with his counsel and indicated that he would not be able to call any of his witnesses that day. Nonetheless, Thomas stated that he was "prepared to move on myself."

The trial court denied Thomas' motion to represent himself, stating that burglary and larceny "are serious charges. They have elements – which you have recited some of those but they're technical offenses. I think you need counsel to help with that."

Trial then commenced with Thomas represented by his appointed counsel. Thomas pled not guilty to both charges and, the Commonwealth and the trial court concurring, waived his right to a jury trial. The witnesses were excluded on motion of Thomas' counsel.

The Commonwealth presented evidence from the storeowner, a police detective, and a forensic expert. The evidence showed that Thomas' fingerprints were found on the store's window display. An eyewitness testified that he heard the window break and saw Thomas walking away from the store with a bag of merchandise late at night. Thomas testified on his own behalf and denied taking the merchandise from the display window. At the conclusion of the evidence, the trial court, finding there was no evidence that Thomas had entered the store, acquitted him

of burglary but convicted him of grand larceny, sentencing him to three years' imprisonment with two years suspended.

Thomas filed a petition for appeal in the Court of Appeals asserting issues related to the denial of his motion to represent himself and sufficiency of the evidence to prove grand larceny. By unpublished order, the Court of Appeals refused Thomas' petition for appeal. With respect to the denial of his motion to represent himself, the Court of Appeals found that the record supported a finding that Thomas "had not knowingly, voluntarily, and intelligently waived his right to counsel." Thomas v. Commonwealth, Record No. 1880-99-2 (February 2, 2000).

Thomas filed a petition for appeal in this Court, assigning error to the Court of Appeals' failure to award him an appeal on both issues raised in his petition to that Court. By order dated June 12, 2000, we awarded Thomas an appeal limited to the issue whether the trial court erred in denying his motion to represent himself.

DISCUSSION

In Faretta v. California, 422 U.S. 806, 835-36 (1975), the United States Supreme Court held that the Sixth Amendment guarantee of the right to assistance of counsel also provides a criminal defendant with a constitutional right to represent himself without counsel if he voluntarily and intelligently

elects to do so.[2] "Because an exercise of the right of self-representation necessarily entails a waiver of the right to counsel—a defendant obviously cannot enjoy both rights at trial—the exercise of the right of self-representation must be evaluated by using many of the same criteria that are applied to determine whether a defendant has waived the right to counsel." United States v. Frazier-El, 204 F.3d 553, 558 (4th Cir. 2000). In Frazier-El, the United States Court of Appeals for the Fourth Circuit detailed the requirements for a valid assertion of the right of self-representation:  the defendant's motion must be timely, clear, and unequivocal, and the defendant's decision must be voluntarily, knowingly, and intelligently made.[3]  Id.

---

[2]Although the right to counsel, and consequently the right to serve as one's own counsel, is not explicitly set out in the Constitution of Virginia, we have held that it is nonetheless a fundamental right guaranteed to an accused by the Bill of Rights of the Constitution of Virginia.  See Fitzgerald v. Smyth, 194 Va. 681, 690, 74 S.E.2d 810, 815 (1953).

[3]Because the issue is governed by the application of the Sixth Amendment, made applicable to the states in this regard by Faretta, federal precedent is pertinent.  We recognize that the United States Court of Appeals for the Ninth Circuit adds a further requirement that the trial court must also determine that the motion is "not for the purposes of delay."  See, e.g., United States v. Schaff, 948 F.2d 501, 503 (9th Cir. 1991).  The Fourth Circuit has not yet ruled on this point, and, because the record here establishes that Thomas was not seeking a continuance or to otherwise delay his trial, we need not consider at this time whether this requirement should apply to Faretta motions in the courts of Virginia.

6

The Commonwealth concedes that Thomas' request to represent himself was clear and unequivocal.  Indeed, the record establishes that Thomas made his request in unambiguous and precise terms, being cautious to waive his right to counsel only for the present criminal proceeding and not for the probation revocation proceeding that might follow.  Similarly, nothing in the record suggests that Thomas' motion was not voluntary.  The Commonwealth asserts, however, that Thomas' motion was not timely.  We agree that this is the dispositive issue in this case.

When the motion is timely, the trial court has no discretion to deny a defendant his right to represent himself, if the trial court is satisfied that the requirements of Faretta have been met.  United States v. Lawrence, 605 F.2d 1321, 1324 (4th Cir. 1979).  Once meaningful trial proceedings have commenced, however, the decision to permit the exercise of the right of self-representation lies within the trial court's sound discretion.  Bassett v. Commonwealth, 222 Va. 844, 857-58, 284 S.E.2d 844, 853 (1981); accord Lawrence, 605 F.2d at 1325.

"When 'meaningful trial proceedings have commenced' will, of course, vary from case to case."  Lawrence, 605 F.2d at 1325.  The federal courts which have examined the issue universally agree that an assertion of the right of self-representation, even as late as the morning of trial, is timely as a matter of

7

law if it precedes the seating of the jury.  Compare, e.g.,
Armant v. Marquez, 772 F.2d 552, 555-56 (9th Cir. 1985); Chapman
v. United States, 553 F.2d 886, 895 (5th Cir. 1977); United
States v. Denno, 348 F.2d 12, 16 (2nd Cir. 1965).  But see
Lawrence, 605 F.2d at 1325 (motion made after jury had been
selected but not yet sworn was untimely where delay in seating
jury was attributable to defendant).  In the present case,
Thomas had not been called upon to enter pleas to the two
charges, he had not yet been required to elect between a jury
trial and a bench trial, and the witnesses had not yet been
separated.  Accordingly, despite the Commonwealth assertion that
"the trial had begun when Thomas finally requested to defend
himself," the record does not establish that "meaningful trial
proceedings" had occurred when Thomas made his motion.
Accordingly, we hold that Thomas' request was timely.

On brief and during oral argument of this appeal, the
Commonwealth urged this Court to depart from the standard
adopted in Bassett in favor of a per se rule that any Faretta
motion made the day of trial would be untimely, whether or not
meaningful trial proceedings have commenced.  See Russell v.
State, 383 N.E.2d 309, 314 (Ind. 1978).  We decline to adopt
such a rule.  The majority view among both state and federal
jurisdictions which have considered the issue, consonant with
that expressed in Bassett and reiterated here, is that the

8

timeliness of a Faretta motion made on the verge of trial must be determined by the facts of the individual case. See, e.g., People v. Mogul, 812 P.2d 705, 708-09 (Colo. Ct. App. 1991)(rejecting per se rule).

When a Faretta motion is timely made, "the trial judge has the duty to determine whether such a waiver is voluntarily and intelligently made, 'and it would be fitting and appropriate for that determination to appear on the record.' " Church v. Commonwealth, 230 Va. 208, 215, 335 S.E.2d 823, 827 (1985)(quoting Johnson v. Zerbst, 304 U.S. 458, 465 (1938)). Since the right to represent oneself is constitutional, on appeal a defendant need not show prejudice resulting from the denial of his demand, Bittaker v. Enomoto, 587 F.2d 400, 402-03 (9th Cir. 1978), and the trial court's factual findings are reviewed for clear error. United States v. McConney, 728 F.2d 1195, 1200 (9th Cir. 1984)(en banc); see also Faretta, 422 U.S. at 835.

Although the Court of Appeals apparently interpreted the trial court's stated reasons for denying Thomas' motion as comporting with Faretta, the trial court made no express finding that Thomas' waiver of counsel was not knowingly and intelligently made. Rather, the trial court's stated reasons for denying the request to proceed pro se was that Thomas was facing "serious charges" that were "technical offenses" and for

which he would need the assistance of counsel in presenting a defense.

In light of these stated reasons, it would appear that the trial court was not considering whether Thomas' waiver was intelligently made but, rather, was concerned with the dangers and disadvantages of self-representation in the absence of adequate legal knowledge.  While this concern on the part of the trial court is understandable, a defendant's "technical legal knowledge . . . [is] not relevant to an assessment of his knowing exercise of the right to defend himself."  Faretta, 422 U.S. at 836.  Indeed, "although [a defendant] may conduct his own defense ultimately to his own detriment, his choice must be honored" so long as it is knowingly and intelligently made.  Id. at 834.

The Commonwealth contends that despite the lack of an express finding by the trial court that Thomas' request to represent himself was not knowingly and intelligently made, the record nonetheless supports the Court of Appeal's finding that such a basis existed for denying the request.  We disagree.

Although Thomas expressed only a rudimentary understanding of criminal discovery and the rules of evidence, his basic grasp of the nature of the offenses with which he was charged was accurate.  In his colloquy with the trial court, Thomas was literate, competent, and thoughtful in responding to the trial

10

court's questions and showed respect for the trial court's authority. Moreover, Thomas appeared to have recognized that there were limits to his abilities, since he expressly asserted that he did not desire to represent himself in the probation revocation hearing that would follow a conviction on the criminal charges. Thomas was clearly cognizant of the potential hazards of representing himself and of the limitations he faced in presenting his case, but was nonetheless willing to proceed.

Whatever legitimate misgivings the trial court may have had about the difficulty Thomas would face in representing himself, his constitutional right to waive the assistance of counsel takes precedence when the choice to exercise that right is knowingly and intelligently made. The record in this case supports the conclusion that Thomas exercised that choice within that standard. Accordingly, we hold that the trial court erred in not permitting Thomas to represent himself and the Court of Appeals erred in denying an appeal of that judgment.

CONCLUSION

For these reasons, Thomas' conviction will be reversed, and the case remanded to the Court of Appeals with directions to remand the same to the trial court for a new trial on the charge of grand larceny if the Commonwealth be so advised.

Reversed and remanded.

11