COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Felton, Judges McCullough and Huff
Argued by teleconference


MOHAMED KAFFI

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0233-11-4               CHIEF JUDGE WALTER S. FELTON, JR.
                                                              JUNE 12, 2012
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Leslie M. Alden, Judge

Crystal A. Meleen (Keats & Meleen, PLC, on briefs), for appellant.

Donald E. Jeffrey, III, Senior Assistant Attorney General
(Kenneth T. Cuccinelli, II, Attorney General, on brief), for appellee.


Mohamed Kaffi ("appellant") appeals from his conviction for rape, in violation of Code

§ 18.2-61, following a jury trial in the Circuit Court of Fairfax County ("trial court"). Appellant

asserts the trial court erred in denying his motion to represent himself *pro se*. He contends that,

pursuant to the standard articulated by the United States Supreme Court in Faretta v. California, 422

U.S. 806 (1975), his requests to represent himself were timely, unequivocal, knowing, and

voluntary.

I. BACKGROUND

On December 21, 2009, appellant was indicted by a grand jury in Fairfax County for

abduction with intent to defile, in violation of Code § 18.2-48, rape, in violation of Code § 18.2-61,

and forcible sodomy, in violation of Code § 18.2-67.1. The trial court appointed counsel to

represent him. At a pretrial hearing on March 12, 2010, appellant moved the trial court to remove

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

appellant's counsel and appoint new counsel to represent him.[1]  The trial court granted his motion

and appointed the Fairfax County Public Defender to represent him.  Thereafter, at two separate

pretrial hearings, appellant told the trial court he wanted to waive the assistance of counsel and

proceed *pro se*.

At a subsequent pretrial hearing on March 26, 2010, appellant's counsel, noting the

seriousness of the offenses for which appellant was indicted and the need to review DNA evidence

and multiple witness statements, moved the trial court to continue the April 7, 2010 trial date to

June 21, 2010.  Appellant stated he opposed the continuance.  He answered affirmatively when the

trial court asked if "[he] would rather represent [himself] on April 7[, 2010] than have an attorney

represent [him] on June 21[, 2010]."  Stating that he "just [did not] want to wait . . . any longer," he

requested the trial court to permit him to represent himself on April 7, 2010, instead of requiring

him to proceed with counsel at a later date.

During a colloquy with the trial court, appellant stated that he completed high school in

Sudan, was employed as a pizza delivery driver, and had previously worked in the warehouse at

United Parcel Service.  He acknowledged he had no prior experience with the criminal justice

system and that he had not "read anything about the law or the rules that would apply" at trial.  He

confirmed that he understood that the "three very serious offenses," for which he could be

convicted, each carried a maximum sentence of life imprisonment and that, if convicted, he would

serve at least eighty-five percent of any sentence imposed.  Appellant affirmed his understanding

that neither the trial court nor the Commonwealth would assist him at trial and that he would bear

sole responsibility to make proper motions, question witnesses, adhere to the rules of the trial court,

and otherwise prepare his defense. The trial court informed appellant that "even lawyers . . . in [his]

---

[1] Appellant asserted that his counsel visited him "a lot . . . in jail," but that counsel "never" discussed his case with him and "[did not] care about all [his] cases at all."

situation" typically hired counsel and that it was "a very, very bad idea" for appellant to represent himself.

Appellant nonetheless stated he wanted to represent himself, reiterating that "I don't want to wait anymore." The trial court, finding that appellant was not "competent to represent [himself]," denied appellant's motion and set the trial date for June 21, 2010.

At a subsequent pretrial hearing on June 25, 2010, appellant moved the trial court to appoint new counsel to represent him. He told the trial court, "I don't want to deal with the[] [attorneys from the public defender's office]. I need a new lawyer, or I'll go by myself." When the trial court asked him if he was in a position to retain counsel, appellant responded, "I am not, but if you don't want to give me a new lawyer, I will help myself, by myself. I don't need these people anymore."

Both the Commonwealth and appellant's attorney told the trial court that it would not be in appellant's best interest to represent himself. Appellant reiterated that "I would like to go by myself in the courtroom . . . because they've continued it five times." The trial court denied the motion, stating:

> I do not believe [appellant] has given a rational basis for these attorneys to be withdrawn from the case. I would ask [appellant] to rethink his position. To go to trial without attorneys with charges of this nature is almost beyond foolish. It's beyond being irresponsible, and [appellant] should rethink his position.

Appellant appeared before the trial court on September 3, 2010, ostensibly to request new counsel, but instead withdrew his motion for new counsel and affirmed his satisfaction with the attorneys appointed to represent him. On September 28, 2010, following a jury trial, appellant was convicted of rape, in violation of Code § 18.2-61, and sentenced to five years imprisonment. Appellant was represented by his appointed counsel at trial and did not repeat his motion to represent himself *pro se* once the trial began.

II. ANALYSIS

A.

Appellant asserts that the trial court erred in denying him the right to represent himself, in violation of the Sixth Amendment to the United States Constitution.  U.S. Const. amend. VI; see Faretta, 422 U.S. at 821 (the Sixth Amendment guarantee of assistance of counsel "implies" the right of an accused to proceed unassisted by counsel).  Whether the trial court erred in not permitting appellant to represent himself *pro se* at trial presents a question of law that this Court reviews *de novo*.  Shivaee v. Commonwealth, 270 Va. 112, 119, 613 S.E.2d 570, 574 (2005).

An accused's request to represent himself "must be:  (i) timely, (ii) clear and unequivocal, and (iii) 'voluntarily, knowingly, and intelligently made.'"  Edwards v. Commonwealth, 49 Va. App. 727, 735, 644 S.E.2d 396, 399-400 (2007) (quoting Thomas v. Commonwealth, 260 Va. 553, 558, 539 S.E.2d 79, 82 (2000) (footnote omitted)).  However, as this Court noted in Edwards,

> a trial court may "deny a request for self-representation when the request is made for purposes of manipulation because, in such cases, the request will not be clear and unequivocal."  [United States v.] Bush, 404 F.3d [263][,] 271 [(4th Cir. 2005)].  "A trial court must be permitted to distinguish between a manipulative effort to present particular arguments and a sincere desire to dispense with the benefits of counsel."  Id. (quoting [United States v.] Frazier-El, 204 F.3d [553][,] 560 [(4th Cir. 2000)].  For the same reason, a defendant shifting "back and forth in his position with respect to self-representation" may be found to have "forfeited his right to self-representation by his vacillating positions."  Stockton [v. Commonwealth], 241 Va. [192][,] 203, 402 S.E.2d [196][,] 202 [(1991)] (quoting United States v. Bennett, 539 F.2d 45, 51 (10th Cir. 1976)); see also Bush, 404 F.3d at 272 (rejecting defendant's Faretta request as an "effort to manipulate and distort the trial process").

Id. at 735-36, 644 S.E.2d at 400.

Here, the record reflects that the trial court did not address any of the above concerns in determining whether to grant appellant's motion to represent himself without the assistance of

counsel. Rather, the trial court stated that it was "a very, very bad idea for [appellant] to represent [himself]" and found that he was not competent to do so. When appellant asserted his right of self-representation at a subsequent hearing, the trial court found that appellant did not give "a rational basis for these attorneys to be withdrawn from the case"; stated that appellant's request to represent himself was "beyond foolish" and "beyond being irresponsible"; and denied appellant's request to proceed without the assistance of counsel.

The United States Supreme Court has held that an accused's "'technical legal knowledge'" is not "'relevant'" to the Faretta judicial inquiry. Godinez v. Moran, 509 U.S. 389, 400 (1993) (quoting Faretta, 422 U.S. at 836). An accused's legal "ability to represent himself has no bearing upon his competence to *choose* self-representation." Id. (footnote omitted). Instead, "the competence that is required of a defendant seeking to waive his right to counsel is the competence to *waive the right*, not the competence to represent himself." Id. at 399 (footnote omitted). Accordingly, the trial court erred by denying appellant's request to proceed *pro se* on the basis that he was not competent to represent himself.

B.

Appellant asserts that, because the trial court erred by denying his motion to represent himself *pro se*, this Court must reverse his conviction for rape and remand to the trial court for a new trial. The Commonwealth, pursuant to this Court's holding in Edwards, 49 Va. App. 727, 644 S.E.2d 396, concedes the trial court erred by denying appellant's motion to represent himself because it found that he was incompetent to do so. However, the Commonwealth contends that, pursuant to Edwards, the proper appellate remedy is reversal of his conviction for rape and remand for a hearing to determine whether denying appellant's motions to appear *pro se* satisfied the Faretta standard.

The defendant in Edwards asserted his right to represent himself on the morning of his trial for possession of cocaine, second or subsequent offense, in violation of Code § 18.2-248. Id. at 732, 644 S.E.2d at 398. Following a colloquy with the trial court wherein Edwards affirmed his understanding of the risks of proceeding *pro se*, the trial court nonetheless denied Edwards' Faretta request, finding that he was "[c]ompetent to stand trial, but not [competent] to represent himself." Id. at 734, 644 S.E.2d at 399 (emphasis omitted).

We vacated Edwards' conviction, holding that the trial court "erred by denying Edwards's Faretta request on the ground that he was not legally competent to represent himself." Id. at 737, 644 S.E.2d at 400. However, the Court declined to vacate and remand for a new trial

> because the trial court never examined Edwards's Faretta request under the correct legal standard or made any of the required predicate factual findings. The right of self-representation, after all, "entails a waiver of the right to counsel," Thomas, 260 Va. at 558, 539 S.E.2d at 82 (quoting Frazier-El, 204 F.3d at 558), a waiver of the sort we do not ordinarily presume. Nor can we simply review the facts *de novo* . . . and reject as a matter of law Edwards's request for a *pro se* retrial.

Id. at 741, 644 S.E.2d at 402-03.

Rather, in Edwards, as in this case,

> the actual harm is not simply that the trial court denied [appellant's] Faretta request--but that it denied the request using an incorrect legal standard without making any of the predicate factual findings, one way or the other, required by the correct standard. *In such circumstances, the proper appellate response is to vacate the convictions and remand the case to the trial court with instructions to conduct a hearing on the matter.*
>
> *If the trial court finds [appellant's] request satisfies the* Faretta *requirements*, the [trial] court should order a retrial so that [appellant] may exercise his constitutional right of self-representation. *If the [trial] court concludes, based upon facts previously presented and those offered upon remand*, that [appellant's] request fails the Faretta standard, the [trial] court

should reinstate the convictions. In either event, [appellant] retains his right of appeal from the final judgment on remand.

Id. at 742-43, 644 S.E.2d at 403 (citations and footnotes omitted) (emphases added).

Clearly, appellant may withdraw his Faretta motion on remand. "[T]hat election, however, would moot the need for a retrial." Id. at 743 n.3, 644 S.E.2d at 403 n.3. If appellant were "represented by lawyers at any new trial, he would not have vindicated the right of self-representation upon which he premises his appeal from the denial of that right." United States v. Johnson, 223 F.3d 665, 669 (7th Cir. 2000). If appellant "'wants on remand exactly what he had in his first trial, namely representation by competent lawyers, it is difficult to understand what he lost by the denial of his motion: he had at the first trial what he wants at the second.'" Edwards, 49 Va. App. at 743 n.3, 644 S.E.2d at 403 n.3 (quoting Johnson, 223 F.3d at 669).

Accordingly, we vacate appellant's conviction and remand to the trial court for further proceedings consistent with this opinion.

Vacated and remanded.