PRESENT:  Lemons, C.J., Goodwyn, Mims, McClanahan, Powell, and Roush, JJ., and Russell, S.J.

DONALD ARTHUR HERRINGTON

v.  Record No. 150085

COMMONWEALTH OF VIRGINIA

OPINION BY
JUSTICE ELIZABETH A. McCLANAHAN
February 12, 2016

FROM THE COURT OF APPEALS OF VIRGINIA

Donald Arthur Herrington appeals his conviction of possession with intent to sell or distribute a Schedule I or II controlled substance.  He contends that the indictment was improper, and that his right to a speedy trial was violated.  He also contends that the circuit court denied him the right to represent himself and that it erred in granting a continuance to the Commonwealth.  We will affirm the judgment of the Court of Appeals upholding his conviction.

I.

A jury convicted Herrington of possession of a Schedule I or II controlled substance with the intent to sell or distribute in violation of Code § 18.2-248.  Herrington appealed his conviction to the Court of Appeals, which affirmed the conviction in an unpublished opinion. Herrington v. Commonwealth, Record No. 1083-13-4, 2014 Va. App. LEXIS 371 (Nov. 12, 2014).  Herrington filed a petition for rehearing en banc, which was denied.  Herrington v. Commonwealth, Record No. 1083-13-4 (Dec. 16, 2014).

A.      Herrington's Motion to Quash the Indictment

Herrington was charged by warrant of arrest with possession of a Schedule I or II controlled substance with the intent to sell or distribute in violation of Code § 18.2-248.  On August 28, 2012, the district court held a preliminary hearing in which it found no probable cause to support the element of intent to sell or distribute.  The district court reduced the charge

to possession of a Schedule I or II controlled substance in violation of Code § 18.2-250 and certified that charge to the grand jury. On October 1, 2012, the grand jury indicted Herrington on the charge of possession with intent to sell or distribute a controlled substance under Code § 18.2-248.

Prior to Herrington's arraignment, he moved the circuit court to quash the indictment or amend it to reflect a charge of simple possession in violation of Code § 18.2-250. Herrington argued that in "disregarding the General District Court's order, and instead of seeking a direct indictment as authorized by the Code of Virginia and applicable legal precedent, the Commonwealth chose to lay before the grand jury an indictment that had not been certified." Herrington asserted the indictment was "improper" because it "was the product of a certified preliminary hearing, and as such [the] indictment is not the charge as certified and not a direct indictment." Ruling that the Commonwealth "was within its rights" to offer the indictment, the circuit court denied Herrington's motion.[1] The Court of Appeals affirmed the circuit court's decision.

On appeal to this Court, Herrington contends the circuit court erred in denying his "motion to quash the amended indictment which had been certified by the General District Court as a different offense." Herrington further contends the Court of Appeals erred "by determining that the act of amending an indictment by the Commonwealth was the same as presenting a second distinct indictment."

At the outset, we note that Herrington's contentions are based on a flawed premise – that the indictment was amended by the Commonwealth. The Commonwealth obtained one

---

[1] The circuit court reasoned that, absent the district court's entry of a final judgment on a lesser-included offense, "the Commonwealth is entitled to offer an indictment to the grand jury based on what it thinks its case is, regardless of the proceedings below."

indictment against Herrington on October 1, 2012.  The Commonwealth did not thereafter amend the indictment or seek from the circuit court any amendment to the indictment.[2]

We reject Herrington's argument that the indictment was improper or that the Commonwealth engaged in action that was "not lawful."  The indictment satisfied the requirements of Code §§ 19.2-220 and -221,[3] and Herrington does not contend otherwise.  The indictment was "returned 'a true bill' upon the oath or affirmation" of the grand jury.  Code § 19.2-216.  Although Herrington contends that the Commonwealth "did not engage in the approved procedure of seeking both an indictment for the certified charge and a direct indictment for its desired offense of possession with intention to distribute," the Commonwealth was not required to obtain an indictment on the certified charge of simple possession.[4]  Furthermore, it is well-established that the Commonwealth may obtain an indictment from the grand jury charging an offense for which the district court has previously found no probable cause.  Moore v. Commonwealth, 218 Va. 388, 394, 237 S.E.2d 187, 192 (1977) (had the General Assembly

---

[2] A circuit court may permit amendment of a defective indictment pursuant to Code § 19.2-231.  No such amendment was sought in this case and Herrington does not argue that the circuit court permitted any such amendment.

[3] Code § 19.2-220 provides that the indictment "shall be a plain, concise and definite written statement, (1) naming the accused, (2) describing the offense charged, (3) identifying the county, city or town in which the accused committed the offense, and (4) reciting that the accused committed the offense on or about a certain date."  Code § 19.2-221 provides that "any form of . . . indictment . . . which informs the accused of the nature and cause of the accusation against him shall be good."

[4] Herrington cites no statute or other legal authority to support his contention that the indictment was improper.  The only statute cited by Herrington, Code § 19.2-186, governs preliminary hearings.  Pursuant to this statute, the district court, finding "sufficient cause to charge" Herrington with a violation of Code § 18.2-250, certified the case to the circuit court.  Code § 19.2-186.  Nothing in this statute, however, obligated the Commonwealth to seek an indictment on the charge certified by the district court.  While Herrington complains that the "paperwork" sent to the grand jury included the warrant of arrest, the indictment functioned independently of the warrant.

intended to bar the bringing of an indictment after a finding of no probable cause by a district court, it could have easily so provided).[5]

In sum, we conclude the circuit court did not err in denying Herrington's motion to quash the indictment. After the district court certified the reduced charge of simple possession of a controlled substance at the preliminary hearing, the Commonwealth was not required to obtain an indictment from the grand jury on that charge. Furthermore, neither the district court's finding of probable cause for the charge of simple possession nor its finding of no probable cause for the charge of possession with intent to sell or distribute precluded the Commonwealth from obtaining an indictment on a charge of possession with intent to sell or distribute.

B.      Herrington's Motion to Dismiss Indictment under Speedy Trial Statute

On the date of trial, March 11, 2013, Herrington moved to dismiss the indictment pursuant to the speedy trial statute. Herrington argued that a 16-day delay in the proceedings should not have been attributed to him by the circuit court such that a total of 155 days not attributable to him had run since the date of the preliminary hearing on August 28, 2012.[6] The circuit court refused to reverse the prior finding attributing the delay to Herrington and denied the motion to dismiss. The Court of Appeals held that because the speedy trial time period began

------

[5] Herrington readily acknowledges that the Commonwealth may indict an accused directly, instead of proceeding first with an arrest followed by preliminary hearing. See, e.g., Waye v. Commonwealth, 219 Va. 683, 689, 251 S.E.2d 202, 206 (1979); Webb v. Commonwealth, 204 Va. 24, 30-31, 129 S.E.2d 22, 27-28 (1963).

[6] Herrington's argument was based on a calculation of the five month requirement of Code § 19.2-243 translating to "152 and a fraction days." Ballance v. Commonwealth, 21 Va. App. 1, 6, 461 S.E.2d 401, 403 (1995).

4

to run from the date of Herrington's indictment, October 1, 2012, rather than the date of his preliminary hearing, his trial occurred within the time required by Code § 19.2-243.[7]

In this Court, Herrington contends that the circuit court erred by not granting his motion to dismiss the indictment under the speedy trial statute, Code § 19.2-243, and that the Court of Appeals erred in holding that "an amended indictment" reset the speedy trial clock. Herrington argues that "[a]t the time of his arraignment [he] was incarcerated continuously and so his trial date had to be set within five months, or 153 days, of his preliminary hearing."

The premise of Herrington's argument is both factually and legally incorrect. First, as noted previously, the Commonwealth did not obtain an "amended" indictment against Herrington. The Commonwealth obtained one indictment against him on October 1, 2012. Furthermore, as the Court of Appeals ruled, the speedy trial time period began to run on the date of Herrington's indictment on October 1, 2012, not on the date of the preliminary hearing, August 28, 2012.

The indictment by the grand jury on the charge of possession with intent to sell or distribute supplanted the district court's finding of probable cause on the charge of simple possession at the preliminary hearing. See Ashby v. Commonwealth, 33 Va. App. 540, 545-46, 535 S.E.2d 182, 185 (2000) (indictments charging different offense than charges certified by district court supplanted finding of probable cause by district court and speedy trial clock began to run anew from date of indictments); see also Brooks v. Peyton, 210 Va. 318, 322, 171 S.E.2d 243, 246 (1969) ("When an original indictment is supplanted by a second indictment, the terms contemplated by [the speedy trial statute] are to be counted from the time of the second

---

[7] The Court of Appeals found that "only 117 days which were not attributable to [Herrington] elapsed between October 1, 2012 and [his] trial on March 11, 2013."

5

indictment."); Harris v. Commonwealth, 258 Va. 576, 585, 520 S.E.2d 825, 830 (1999) (same); Miller v. Commonwealth, 217 Va. 929, 934, 234 S.E.2d 269, 273 (1977) (same).

Herrington's continued incarceration, therefore, was based on the indictment for possession with intent to sell or distribute, rather than the charge of simple possession certified by the district court. Pursuant to Code § 19.2-243, the Commonwealth was required to commence the trial within five months from the date he was indicted.[8] Because Herrington's trial on March 11, 2013 occurred within this time period, the circuit court did not err in denying his motion to dismiss the indictment.[9]

C.      Herrington's Request for Self-Representation

On the date that was originally set for trial, January 8, 2013, Herrington's court-appointed counsel moved to withdraw because of a conflict of interest.[10] Herrington told the circuit court that he would like to represent himself. The circuit court responded: "Well, I don't mind you doing that, but I don't think I'm going to leave it at that at this point. I'm going to go ahead and appoint a counsel for you." The circuit court advised Herrington to "discuss with your newly appointed counsel the pros and cons of that" after which Herrington would "have an opportunity to . . . request to represent yourself." The circuit court acknowledged: "You, obviously, have an

---

[8] Code § 19.2-243 provides:

> If there was no preliminary hearing in the district court, or if such preliminary hearing was waived by the accused, the commencement of the running of the five . . . month[] period[] . . . set forth in this section, shall be from the date an indictment . . . is found against the accused.

[9] Herrington does not contest the calculation by the Court of Appeals of the time not attributable to him that elapsed between the date of the indictment and his trial.

[10] This was Herrington's second court-appointed counsel. His first court-appointed counsel had previously withdrawn due to a conflict of interest.

absolute constitutional right to [represent yourself]" if the court finds "you understand what you are doing." The circuit court stated:

> [F]or right now I'm going to go ahead and appoint counsel to represent you. You can discuss with him your case, him or her your case, and then if you still desire to represent yourself then have the counsel schedule a date on which the Court can hold a hearing to determine your capability to represent yourself.

Although Herrington stated he was prepared to go forward with trial and the Commonwealth informed the circuit court that Herrington had previously represented himself on an unrelated felony offense, the circuit court continued the trial, proceeded with appointment of new counsel, and scheduled a date for hearing to "resolve this issue of whether [Herrington] gets to represent himself or not."[11]

When Herrington subsequently appeared in circuit court with new counsel at the next scheduled hearing date and at subsequent proceedings, he did not request to represent himself. Before the trial commenced on March 11, the circuit court specifically asked if Herrington wished to represent himself. Herrington's counsel informed the circuit court that Herrington did not wish to represent himself and had made the request on January 8 only "so he could be tried that day."

On appeal to the Court of Appeals, Herrington argued the circuit court erred in denying his motion to represent himself at trial. The Court of Appeals found that the circuit court "did not foreclose [Herrington] from exercising his right to represent himself at trial," and therefore, did not "refuse[] to permit [Herrington] to represent himself at trial."

---

[11] Before concluding the proceedings, the circuit court informed Herrington the court would notify new counsel of his appointment and again advised Herrington "to get in touch with [new counsel] to express to him your desire to represent yourself, discuss the case with him, get his advice, and then you choose."

Herrington also contends in this Court that the circuit court erred in denying his motion to waive counsel and to represent himself at trial. Because the Sixth Amendment guarantee to the assistance of counsel "implies a right of self-representation," a defendant may waive his right to counsel and proceed pro se at trial. Faretta v. California, 422 U.S. 806, 821 (1975). The defendant relinquishes many of the traditional benefits associated with the right to counsel when he represents himself, and therefore, must knowingly and intelligently forego those benefits. Id. at 835. "The purpose of the 'knowing and voluntary' inquiry . . . is to determine whether the defendant actually does understand the significance and consequences of a particular decision and whether the decision is uncoerced." Godinez v. Moran, 509 U.S. 389, 401 n.12 (1993). To that end, "he should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that he knows what he is doing and his choice is made with eyes open." Faretta, 422 U.S. at 835. When the defendant elects to waive counsel and proceed pro se at trial, his request "must be timely, clear, and unequivocal." Thomas v. Commonwealth, 260 Va. 553, 558, 539 S.E.2d 79, 82 (2000).

We agree with the Court of Appeals that there is no factual support for Herrington's contention that he was denied his right to represent himself at trial. When the circuit court granted leave to court-appointed counsel to withdraw and Herrington told the circuit court that he would like to represent himself, the circuit court advised Herrington to discuss with newly appointed counsel "the pros and cons of that." The circuit court informed Herrington that if he still desired to represent himself after speaking with counsel, Herrington would have an opportunity to make his request at which time the court would determine whether Herrington understood what he was doing. Despite having multiple opportunities at subsequent proceedings to raise his right to self-representation, Herrington declined to do so. To the contrary, when the

8

case came on for trial on March 11 and Herrington was asked directly by the circuit court whether he wished to represent himself at trial, he informed the circuit court that he did not. Accordingly, the record does not support Herrington's assertion that the circuit court denied him the right to represent himself at the trial.

D.      Commonwealth's Motion for Continuance

After Herrington was appointed new counsel, the trial was scheduled for February 20, 2013. When the case came on for trial on that date, the Commonwealth moved for a two-week continuance to enable an analyst from the FBI to recover communications from Herrington's cellular phone relating to the drug transaction at issue in the case. The Commonwealth explained that a search warrant previously had been issued for Herrington's cellular phone but because the sheriff's office believed the case would be resolved on a plea, it had not been immediately executed. Once the sheriff's office proceeded with executing the search warrant, it was unable to defeat the password. According to the Commonwealth, the FBI analyst could retrieve the communications in approximately five business days.

Herrington objected and argued that the Commonwealth did not have good cause for a continuance because it had known about the phone for at least five months and delayed execution of the search warrant. Herrington further asserted that when the phone was taken prior to the preliminary hearing, he provided the password, and pictures were taken of the text messages and entered into evidence at the preliminary hearing.

The circuit court granted the continuance and scheduled the trial for March 11, 2013. The court explained that the evidence was "material" and "acquirable within a certain time period." On appeal to the Court of Appeals, the Court of Appeals refused to overturn the circuit

9

court's ruling, concluding that there was "no basis to conclude that [Herrington] suffered prejudice as a result of the brief continuance requested by the Commonwealth."

Herrington asserts that the circuit court erred by granting the Commonwealth's motion for a continuance because "the Commonwealth did not show good cause."  "The decision to grant a motion for a continuance is within the sound discretion of the circuit court" and will be reversed "only upon a showing of abuse of discretion and resulting prejudice to the [party who claims an abuse of discretion]."  Ortiz v. Commonwealth, 276 Va. 705, 722-23, 677 S.E.2d 751, 762 (2008) (quoting Haugen v. Shenandoah Valley Dep't of Soc. Servs., 274 Va. 27, 34, 645 S.E.2d 261, 265 (2007)).  Thus, a showing of both abuse of discretion and prejudice "are essential to reversal."  Butler v. Commonwealth, 264 Va. 614, 621, 570 S.E.2d 813, 817 (2002) (internal quotation marks and citation omitted).  Although Herrington argues the Commonwealth did not establish "due diligence" in obtaining its evidence for trial, he fails to allege any harm to him resulting from the two-week continuance and the record discloses no such prejudice. Because Herrington "has shown no prejudice resulting from what he claims was an abuse of discretion," we will not reverse the circuit court's ruling.  Quintana v. Commonwealth, 224 Va. 127, 135, 295 S.E.2d 643, 646 (1982).

## II.

For the foregoing reasons, we will affirm the judgment of the Court of Appeals.

Affirmed.