COURT OF APPEALS OF VIRGINIA

Present:   Judges Humphreys, Russell and Senior Judge Bumgardner
Argued at Norfolk, Virginia

LAVONTA MONTREAL BLAND

                                                          MEMORANDUM OPINION[*] BY

v.       Record No. 0937-16-1              JUDGE RUDOLPH BUMGARDNER, III
                                                       NOVEMBER 14, 2017

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
David W. Lannetti, Judge[1]

London C. Crounse (Protogyrou & Rigney, P.L.C., on brief), for
appellant.

Victoria Johnson, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.

A jury convicted Lavonta M. Bland of first-degree murder, aggravated malicious

wounding, robbery, three counts of use of a firearm in the commission of a felony, and

conspiracy to commit robbery.  He was sentenced to ninety-eight years in prison.  The defendant

contends he was denied a preliminary hearing and a speedy trial.  We conclude he was not

denied those rights, and affirm his convictions.

On August 3, 2013, the defendant and his brother killed one man and seriously injured

another in the parking lot of an apartment complex in Norfolk.  The defendant was arrested in

North Carolina on September 9, 2013.  Upon return to Virginia, he was served on October 3,

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Judge Charles E. Poston presided over the proceedings that are the subject of Bland's first assignment of error, and Judge Mary Jane Hall presided over the proceeding that is the subject of Bland's second assignment of error.

2013 with warrants charging second-degree murder, malicious wounding, two counts of use of a firearm in the commission of those felonies, and possession of a firearm by a felon.

While being held in custody on those warrants, a grand jury returned direct indictments October 16, 2013 for first-degree murder, aggravated malicious wounding, robbery, conspiracy to commit robbery, and three counts of use of a firearm in the commission of those felonies (CR13003431-00 – 06). Each charge arose from the August 3, 2013 incident. The defendant was arrested on the indictments October 22, 2013.

The defendant filed a motion in circuit court on November 4, 2013 to have the indictments dismissed, maintaining he had not received a preliminary hearing on the charges for which he was originally arrested. The general district court *nolle prosequied* the original warrants November 25, 2013. The circuit court denied the defendant's motion to dismiss the direct indictments November 27, 2013.

The defendant's case was set for trial on January 27, 2014, but was continued to March 19, 2014 because the Commonwealth had discovery problems. On March 10, 2014, the Commonwealth moved to *nolle prosequi* the initial set of indictments (CR13003431-00 – 06). The trial court granted that motion on March 19, 2014, over the defendant's objection. A second set of direct indictments was returned April 2, 2014 (CR14001013-00 – 06) charging the defendant with the same offenses as the initial set of indictments.

Whether the defendant was denied a preliminary hearing involves an issue of statutory interpretation, which we review *de novo*. See, e.g., Giles v. Commonwealth, 277 Va. 359, 373, 672 S.E.2d 879, 882 (2009). Code § 19.2-218 provides: "No person who is arrested on a charge of felony shall be denied a preliminary hearing . . . and no indictment shall be returned in a court of record against any such person prior to such hearing unless such hearing is waived in writing by the accused." The statute only "applies to a person who has been arrested on a felony charge

prior to an indictment by a grand jury." Webb v. Commonwealth, 204 Va. 24, 31, 129 S.E.2d 22, 28 (1963).

Code § 19.2-218 does not apply if the initial charges are *nolle prosequied* before direct indictment by a grand jury. See Wright v. Commonwealth, 52 Va. App. 690, 700, 667 S.E.2d 787, 792 (2008) (*en banc*) (holding defendant was not entitled to a preliminary hearing after her original charges, which had been initiated by arrest warrants, were *nolle prosequied* and she was directly indicted); Armel v. Commonwealth, 28 Va. App. 407, 410-11, 505 S.E.2d 378, 379-80 (1998) (holding defendant was not denied a preliminary hearing where original warrants were terminated by *nolle prosequi* before defendant was indicted); Arnold v. Commonwealth, 18 Va. App. 218, 222, 443 S.E.2d 183, 185 (holding that after defendant's arrest warrants were *nolle prosequied* and she was later indicted, no preliminary hearing was required because "the slate was clean," as though no charge had been made), aff'd en banc, 19 Va. App. 143, 450 S.E.2d 161 (1994).

In the present case, the defendant's original charges were placed by warrant. The defendant was being held in jail on them when the grand jury returned the first set of indictments. Only after the indictments were returned were those warrants *nolle prosequied*. The defendant was entitled to preliminary hearings on the charges stated in the initial arrest warrants before indictments could be returned on those charges. See Triplett v. Commonwealth, 212 Va. 649, 650-51, 186 S.E.2d 16, 17 (1972). While the defendant was entitled to a preliminary hearing on the original charges made in the warrants, those were not the charges for which he was later indicted and on which he was tried.

No indictment was returned that charged the same crime as was charged in the initial arrest warrants. The warrants charged second-degree murder, malicious wounding, two counts each of use of a firearm in the commission those two felonies, and possession of a firearm by a

felon. The initial indictments charged first-degree murder, aggravated malicious wounding, robbery, three counts each of use of a firearm in the commission of those three felonies, and conspiracy to commit robbery. The defendant was not arrested on any felony charge for which an indictment was returned without first having been provided a preliminary hearing on the charge.

In Waye v. Commonwealth, 219 Va. 683, 251 S.E.2d 202 (1979), the defendant was initially charged with first-degree murder, which was certified to the grand jury after a preliminary hearing. A grand jury then returned a direct indictment for capital murder on which the Commonwealth tried and convicted Waye. The Court held Waye had not been denied his right to a preliminary hearing on the capital murder charge because he had not been arrested on that charge. Id. at 689, 251 S.E.2d at 206. See also Burns v. Commonwealth, 261 Va. 307, 320, 541 S.E.2d 872, 881 (2001).

Once the initial warrants were *nolle prosequied*, those charges ceased to exist. See Arnold, 18 Va. App. at 222, 443 S.E.2d at 185. The defendant was eventually tried and convicted on charges brought by direct indictment. The Commonwealth may proceed by direct indictment in lieu of an arrest followed by preliminary hearing. See Armel, 28 Va. App. at 409-11, 505 S.E.2d at 379-80; see also Herrington v. Commonwealth, 291 Va. 181, 185 n.5, 781 S.E.2d 561, 564 n.5 (2016). Thus, the defendant was not denied his right to a preliminary hearing.

The defendant also contends he was denied his statutory and constitutional rights to a speedy trial. He concedes his argument rests on the premise that the period for measuring the permitted time began when the charges were first initiated either by warrant on October 3, 2013 or by the first indictments on October 16, 2013. However, those dates are not the dates that fix

the time from which his rights to a speedy trial are measured because both the warrants and the initial indictments were *nolle prosequied.* The defendant was later directly indicted.

"A new indictment is a new charge, distinct from the original charge or indictment." Arnold, 18 Va. App. at 221, 443 S.E.2d at 185. "[W]hen an indictment is disposed of by *nolle prosequi*, . . . before the speedy trial statute has run and the accused subsequently is re-indicted on the same charge, the speedy trial statute begins to run anew from the time of the second indictment." Ashby v. Commonwealth, 33 Va. App. 540, 546, 535 S.E.2d 182, 185 (2000). See Herrington, 291 Va. at 186, 781 S.E.2d at 564; Harris v. Commonwealth, 258 Va. 576, 585, 520 S.E.2d 825, 830 (1999); Presley v. Commonwealth, 2 Va. App. 348, 350, 344 S.E.2d 195, 196 (1986). Thus, in determining whether a speedy trial violation occurred in the defendant's case, we are concerned only with the direct indictments returned on April 2, 2014 (CR14001013-00 – 06).

We review this claim *de novo*. See Brown v. Commonwealth, 57 Va. App. 381, 390, 702 S.E.2d 582, 586 (2010). Code § 19.2-243 provides that an accused held in continuous custody "shall be forever discharged from prosecution for such offense if no trial is commenced in the circuit court within five months from the date . . . an indictment . . . is found against the accused" and he is arrested on the charged offense. The five-month requirement equals "152 and a fraction of days." Ballance v. Commonwealth, 21 Va. App. 1, 6, 461 S.E.2d 401, 403 (1995); see, e.g., Jiron-Garcia v. Commonwealth, 48 Va. App. 638, 645, 633 S.E.2d 744, 747 (2006).

The speedy trial time period began April 9, 2014, the day after the arrest on the direct indictments, and ran to September 8, 2014, unless there was excusable delay. See Robinson v. Commonwealth, 28 Va. App. 148, 152, 502 S.E.2d 704, 706 (1998). The jury trial was set to begin June 26, 2014 but was continued eight times until August 10, 2015. All but one of the continuances were on the defendant's motion or a joint motion that tolled the statute. See Code

§ 19.2-243(4). The defendant objected when the Commonwealth requested a continuance of thirty-three days from July 8, 2015 to August 10, 2015. That period, added to the seventy-nine days between April 8, 2014 to June 26, 2014, is a total of 112 days and is well within the permitted 152 days.[2]

The trial that began on August 10 ended in a mistrial, and the retrial did not begin until February 10, 2016. However, the trial had commenced within the applicable time period, and the ensuing time until the retrial is not considered. See Fisher v. Commonwealth, 26 Va. App. 788, 793, 497 S.E.2d 162, 164 (1998); see also Morgan v. Commonwealth, 19 Va. App. 637, 640, 453 S.E.2d 914, 915 (1995) (concluding that Code § 19.2-243 "addresses the commencement of trial, not the conclusion of proceedings"). No statutory violation occurred.

In addition, applying *de novo* review, we find no constitutional speedy trial violation. Four factors are considered in assessing a constitutional speedy trial claim – "length of delay, reason for delay, defendant's assertion of his right, and prejudice to the defendant." Howard v. Commonwealth, 281 Va. 455, 462, 706 S.E.2d 885, 889 (2011); see Barker v. Wingo, 407 U.S. 514, 530 (1972). The length of the delay is the starting point of the analysis, and it is not necessary to consider the other three factors if the delay is not presumptively prejudicial. See Barker, 407 U.S. at 530.

Having rejected the contention that the operative date was October 3, 2013, the defendant's claim that his constitutional right was violated applies only to the prosecution of the indictments returned by the grand jury on April 2, 2014. See Harris, 258 Va. at 586, 520 S.E.2d at 831. The defendant's trial was originally scheduled to begin within three months of the date of those indictments. The trial began on August 10, 2015, ended in a mistrial, and was retried

---

[2] During oral argument, the defendant conceded that if the time period began from the April 2014 indictments, only 112 days of delay could be attributed to the Commonwealth.

February 10, 2016. The total elapsed time between the indictments in 2014 and the retrial in 2016 was slightly over twenty-two months.

The defendant requested, or agreed to, all but one of eleven continuances granted in the twenty months between June 2014 and February 2016. The continuance to which he objected was only for thirty-three days and was necessary because a new prosecutor was assigned to the case. The delay weighs against the defendant because the record fails to establish that "the time it took to bring [the defendant] to trial" "was occasioned by any factor other than the normal proceedings of the trial court, including [the defendant's] own . . . pre-trial motions." Id. The fact that the defendant objected to only one of the continuances belies his claim that "he truly desired to be tried," and further weighs against his speedy trial claim. Wallace v. Commonwealth, 65 Va. App. 80, 100, 774 S.E.2d 482, 491 (2015) (quoting Beachem v. Commonwealth, 10 Va. App. 124, 132, 390 S.E.2d 517, 521 (1990)), aff'd by published order, Record No. 151296, 2016 Va. LEXIS 63 (Va. June 2, 2016).

The length of delay is not presumptively prejudicial, and the defendant has suggested no other prejudice arising from the delay. Failing to establish any prejudice, we conclude the defendant's constitutional right to a speedy trial was not violated. See Harris, 258 Va. at 586-87, 520 S.E.2d at 831. Accordingly, we affirm his convictions.

Affirmed.