COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges AtLee, Friedman and Raphael
Argued at Lexington, Virginia


MICHAEL CHRISTOPHER RUNION

                                                    MEMORANDUM OPINION* BY
v.        Record No. 1117-21-3                     JUDGE STUART A. RAPHAEL
                                                        AUGUST 23, 2022

COMMONWEALTH OF VIRGINIA


             FROM THE CIRCUIT COURT OF ROCKINGHAM COUNTY
                          Bruce D. Albertson, Judge

        Robert W. Stone (Stone Law Group, PLC, on brief), for appellant.

        Craig W. Stallard, Senior Assistant Attorney General (Jason S.
        Miyares, Attorney General, on brief), for appellee.


        The trial court found appellant Michael Christopher Runion in violation of his probation and

revoked his suspended sentences.  Runion asserts that the trial court erred by granting the

Commonwealth's motion to continue the initial revocation hearing from July to September 2021.

He also contends that the trial court erred by finding him in violation of his probation on the basis

that he engaged in "abusive conduct" towards his estranged wife.  We find neither of Runion's

claims meritorious and affirm the trial court's judgment.

                                      BACKGROUND[1]

        On August 31, 2020, Runion was convicted of felony child abuse and four counts of

violating a protective order.  Following his release from incarceration, Runion began supervised

---

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] In revocation appeals like this one, we consider the evidence "in the light most
favorable to the Commonwealth, as the prevailing party below." *Jacobs v. Commonwealth*, 61
Va. App. 529, 535 (2013).

probation on December 23, 2020. A special condition of his probation directed that he "not have any abusive contact with Melissa Runion or any of her family members" and that he "follow any protective orders."[2] On May 18, 2021, Melissa sought a protective order against Runion after he tried to pursue a romantic relationship with her in the face of her repeated objections.

On May 26, 2021, Runion's probation officer filed a major violation report citing Runion's violation of the special condition prohibiting him from abusive contact with Melissa. A revocation hearing was scheduled for July 27, 2021, but Melissa failed to appear. The Commonwealth requested a brief continuance to secure her attendance. Runion objected, asserting that the Commonwealth had had a "couple months" since the major violation report to subpoena her. He did not claim that a continuance would cause him any prejudice. Noting that Runion had multiple convictions for violating protective orders and that a new protective order had been issued since his release, the trial court granted the Commonwealth's motion and continued the hearing to September 3, 2021.

At that hearing, Melissa testified that Runion ignored her protests that she was not interested in a romantic relationship. She stated that he kissed her in front of their children and sent her lingerie. He also exposed his genitals while she supervised a video call with their three-year-old son. After Melissa refused his sexual advances, Runion texted her that "he was going to f[- - -] both of [her] holes up and there was nothing [she] could do about it." Melissa testified that, after reading

---

[2] The trial court's original sentencing order prohibited Runion from having "any contact" with Melissa or her family, but at Runion's request, the trial court amended the order to prohibit "abusive contact." Although the amended sentencing order was entered more than twenty-one days after the original sentencing order, the trial court retained jurisdiction to modify Runion's sentence under Code § 19.2-303 because Runion was still in the custody of the Rockingham Sheriff. *See Akers v. Commonwealth*, 298 Va. 448, 452-53 (2020) (stating that "Code § 19.2-303 is an exception to Rule 1:1" that vests the trial court with jurisdiction to modify a felony sentence before a defendant's transfer to the Department of Corrections).

that text, the juvenile and domestic relations judge granted her a protective order against Runion in June 2021.

Testifying on his own behalf, Runion said that he was engaged in anger counseling and had completed a Battery Intervention Program. Runion admitted that he was naked and preparing to shower during the video call, but he maintained that he was visible only from the waist up. He admitted that he had kissed Melissa but claimed that she was considering reconciliation and had "leaned into [him]," so he "figured she wanted a kiss." Runion agreed that he had sent her lingerie but maintained that the lingerie was part of a general shopping list that Melissa had given him. As for the text message, Runion explained that he texted Melissa because she had made "sexual comments" during a phone conversation. He denied that he had threatened to "f[- - -] up her two holes."

At the conclusion of the evidence, Runion argued that the evidence failed to establish that he had violated his probation because he did not engage in "abusive contact" with Melissa. His counsel conceded, however, that the trial court's decision was "purely . . . a credibility issue."

The trial court noted the witnesses' conflicting accounts but found that the text message alone showed that Runion engaged in "abusive contact" in violation of the terms of his suspended sentences. The court also characterized the text as offensive enough to establish "family abuse under the statute regarding protective orders." The court rejected Runion's account of events that his text was just "some sort of dating ritual or some sort of sexual discussion to invite things between parties." The court concluded that Runion bore "a lot of anger" and "animosity" towards Melissa and had "trouble taking and controlling [his] anger." The court found Melissa "more credible."

Concluding that Runion had violated the terms of his probation, the court revoked his suspended sentences and ordered that he have "no contact" with Melissa.

ANALYSIS

*A. Continuance*

Runion asserts that the trial court erred by finding good cause to continue the probation violation hearing from July 27 to September 3, 2021. He maintains that the Commonwealth had sufficient time to subpoena Melissa for the July hearing, and its lack of preparation did not constitute "good cause" for a continuance. Runion admits, however, that he did not argue in the trial court that he suffered any prejudice from the continuance. Runion asserts on brief here that, had the continuance been denied, the Commonwealth could not have called Melissa to testify against him and the probation-violation proceeding would have been dismissed.

Trial courts "necessarily require a great deal of latitude in scheduling." *Va. Bd. of Med. v. Hagmann*, 67 Va. App. 488, 502 (2017) (quoting *Morris v. Slappy*, 461 U.S. 1, 11 (1983)). Whether to grant a continuance "is within the sound discretion of the circuit court and must be considered in view of the circumstances unique to each case." *Reyes v. Commonwealth*, 68 Va. App. 379, 385 (2018) (quoting *Haugen v. Shenandoah Valley Dep't of Soc. Servs.*, 274 Va. 27, 34 (2007)), *aff'd*, 297 Va. 133 (2019). We will reverse a decision granting a continuance "only upon a showing of abuse of discretion and resulting prejudice." *Reyes v. Commonwealth*, 297 Va. 133, 139 (2019) (quoting *Ortiz v. Commonwealth*, 276 Va. 705, 723 (2008)). In other words, Runion must show *both* abuse of discretion and prejudice. *Herrington v. Commonwealth*, 291 Va. 181, 191 (2016).

The Commonwealth argues that Runion's argument is defaulted because he failed to claim prejudice in the trial court. *See* Rule 5A:18. Assuming for argument's sake that Runion's assignment of error is not defaulted, we find no abuse of discretion or prejudice.

A defendant does not automatically suffer unfair prejudice simply because the proceedings are continued to allow the Commonwealth to obtain necessary evidence—harm to the party

claiming abuse of discretion must be shown. *Id.* In *Herrington*, for instance, the defendant argued that the Commonwealth failed to establish "good cause" for a continuance because it had had five months before trial to execute a search warrant to obtain the information it needed. 291 Va. at 190. The Court explained that, "[a]lthough Herrington argue[d] the Commonwealth did not establish 'due diligence' in obtaining its evidence for trial, he fail[ed] to allege any harm to him resulting from the two-week continuance and the record disclose[d] no such prejudice." *Id.* at 191.

The trial court here did not abuse its discretion in granting the continuance. It was not unreasonable for the trial court to find good cause in having Melissa available to testify. *See, e.g.*, *United States v. Tedesco*, 726 F.2d 1216, 1222 (7th Cir. 1984) ("A defendant is not entitled to, and justice is ill-served by, a trial during which the Government is not able to present relevant evidence."). And the sole prejudice alleged by Runion is that the continuance enabled the Commonwealth to secure her testimony. He identifies no "injustice or unfair prejudice attributable to the . . . continuance." *United States v. Saccoccia*, 58 F.3d 754, 770 (1st Cir. 1995). "Obviously[, the witness's] appearance worked to the disadvantage of [the defendant], but so did the introduction of other incriminating evidence. 'Prejudice' is not caused by allowing the Government properly to strengthen its case, but rather by delays intended to hamper defendant's ability to present his defense." *Tedesco*, 726 F.2d at 1221. Accordingly, we find Runion's assignment of error to lack merit.

### B. Probation Violation

After suspending a sentence, a trial court "may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306(A). The trial court's decision to revoke a suspended sentence "must be based on reasonable cause." *Bailey v. Commonwealth*, 19 Va. App. 355, 357 (1994) (quoting *Patterson v. Commonwealth*, 12 Va. App. 1046, 1048 (1991)).

Runion contends that the trial court lacked sufficient evidence to conclude that he engaged in "abusive conduct" toward Melissa in violation of the terms of his probation. We disagree.

The trial court found that Runion's text message, standing alone, sufficed to violate the terms of Runion's probation. The court said, "I find that it's abusive contact *and* it would satisfy family abuse under the statute regarding protective orders." (Emphasis added.) We look at those two conclusions separately.

As to the first, the trial court did not err in finding that the text amounted to "abusive contact." The text was objectively offensive and abusive, saying that Runion would "f[- - -] both of [Melissa's] holes and there was nothing [she] could do about it." Runion admitted in the trial court that "[a]rguably, the comment, the text, whatever it was, may qualify [as abusive contact]," but he maintained that Melissa had mischaracterized the text in her testimony. His counsel conceded, however, that this was "purely . . . a credibility issue for [the trial court] to determine." And the trial court rejected Runion's version of events, finding Melissa more credible. Because determining credibility is a matter solely for the trial court, we will not disturb that finding here. *Flanagan v. Commonwealth*, 58 Va. App. 681, 701-02 (2011).

Runion disputes the trial court's second finding—that the text also "would satisfy family abuse under the statute regarding protective orders." The statutory definition of "family abuse," Runion argues, requires an "act involving violence, force, or threat that results in bodily injury or places one in reasonable apprehension of death, sexual assault, or bodily injury." Code § 16.1-228. Runion says that his text to Melissa did not qualify because she claimed that she felt only "uncomfortable" and did not affirmatively testify that she felt threatened with death, sexual assault, or bodily injury.

Runion's statutory argument is unpersuasive. It ignores that the trial court found that Runion's conduct amounted to "abusive contact" under the sentencing order. That constituted

adequate grounds to revoke his suspended sentences, quite apart from whether it also qualified as "family abuse" under Code § 16.1-228. We see no basis for Runion's assumption that the term "abusive conduct" in the sentencing order depended for its meaning on the definition of "family abuse" in Code § 16.1-228. And even if the statutory definition controlled, the trial court did not err in concluding that it was satisfied here. When she testified, Melissa was asked if Runion had sent "any threatening messages or made any threats to her." She answered by describing the abusive text message in question. She also testified that "I truly feel like he was doing some things that would trigger my PTSD of sexual assault in the past." Taken in the light most favorable to the Commonwealth, *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013), that evidence would enable a reasonable fact finder to conclude that the text was a threat that placed Melissa in reasonable apprehension of sexual assault or bodily injury. Code § 16.1-228. Indeed, after reading Runion's text, the juvenile and domestic relations judge issued a civil protective order against Runion.

"In revocation appeals, the trial court's 'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'" *Jacobs*, 61 Va. App. at 535 (quoting *Davis v. Commonwealth*, 12 Va. App. 81, 86 (1991)). We find no such abuse of discretion here.

CONCLUSION

In sum, the trial court committed no error in granting the Commonwealth a continuance for Melissa to testify about Runion's misconduct. Nor did the court abuse its discretion in concluding that Runion engaged in abusive conduct towards her in violation of the terms of his probation. As a result, we see no error in the trial court's decision to revoke Runion's suspended sentences.

*Affirmed*.